### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

1. DAVID L. WILLIAMS, )
   )
   Plaintiff, )
   )
   v. ) Case No. CIV-2015-00332-SPS
   )
1. MCALISTER TRANSPORTATION, )
   LLC, )
   )
   Defendant. )

### COMPLAINT

**COMES NOW THE PLAINTIFF** and for his causes of action herein alleges:

### PARTIES

1. The Plaintiff is David Williams, an adult resident of Marshall County, Oklahoma.

2. The Defendant is McAlister Transportation, LLC, a foreign limited liability company doing business in Carter County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's claims are for age discrimination, including termination and refusal to hire and/or promote, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, and the OADA. Jurisdiction over the federal claims is vested in this Court under and 28 U.S.C. § 1331. Because the state law claims arise out of the same core of facts, jurisdiction is vested over those claims under 28 U.S.C. § 1367(a).

4. Plaintiff's termination took place in Carter County, Oklahoma and the Defendant may be served in that county. Carter County is within the Eastern District of the United States District Courts for Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

### STATEMENT OF FACTS

5. Plaintiff was employed as a fuel tanker driver by the Defendants from around August 1, 2014, until he was terminated around January 6, 2015.

6. Plaintiff performed his job duties satisfactorily.

7. Plaintiff possessed all qualifications necessary to continue performing his job.

8. Plaintiff was approximately seventy-three (73) years old at the time of his termination.

9. Plaintiff was significantly older than the other employees of Defendant.

10. Plaintiff was hired and initially supervised by Cory Hogan, approximately age thirty-five (35).

11. Around mid-September 2014, Plaintiff's supervisor changed to Gary Smith, approximately age fifty (50).

12. Around late September, Mr. Smith demoted Plaintiff from a full-time employee to a part-time employee.

13. As a result of such demotion, Plaintiff's pay lowered from approximately $45,000 to approximately $35,000.

14. Thereafter, to make up such pay difference, Plaintiff had to work on call hours not previously required.

15. The purported reason for such demotion was that Plaintiff missed fueling a train, however such reason is false and pretextual in that Plaintiff was not assigned to fuel that train. Furthermore, other, younger employees who missed fueling trains were not demoted.

16. Plaintiff's full time position was given to a significantly younger male, approximately age thirty (30), who was less qualified in that he did not have the license required to perform the job.

17. The full time replacement employee resigned after approximately two weeks and Plaintiff requested to be hired back into that position.

18. Dennis Fowler, Yard Supervisor, approximately age thirty-two (32), and/or Mr. Smith refused to allow Plaintiff to resume full time employment.

19. On or around January 6, 2015, Plaintiff was terminated by Mr. Smith.

20. The reasons given by Mr. Smith for termination were that Plaintiff did not pull over when his truck was weaving on the road and smoking, and that Plaintiff went to fill a tanker that was already full.

21. Such reasons are pretextual in that Plaintiff's vehicle was not weaving or smoking, and Plaintiff took the tanker which he was instructed to fill by Mr. Fowler. Further, Plaintiff took his vehicle for service immediately, as instructed by Mr. Fowler.

22. At the least Plaintiff's termination was motivated by his age.

23. As a direct result of the Defendant's conduct the Plaintiff has suffered, and continues to suffer, lost wages (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm symptoms including but not necessarily limited to worry, frustration, embarrassment, depression and similar unpleasant emotions.

24. Plaintiff has exhausted his administrative remedies by timely filing a charge of discrimination with the EEOC on March 10, 2015, which is less than 180 days after the discriminatory acts and termination. Plaintiff's right to sue letter was issued on July 16, 2015, and Plaintiff received such letter thereafter. This complaint is timely filed within ninety days of Plaintiff's receipt of his right to sue letter. These filings exhausted all requirements under the law.

25. Discrimination on the basis of age violates the Age Discrimination in Employment Act and OADA.

26. As the direct result of Defendant's age discriminatory actions, Plaintiff suffered damages in the form of lost wages.

27. Plaintiffs is entitled to compensation for lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, punitive damages, attorney fees and costs, and liquidated damages under the OADA. Willfulness is not required to recover liquidated damages under the state law

claim, however, such actions were a willful violation of Plaintiff's rights.

**WHEREFORE,** Plaintiff prays that he be granted judgment in her favor and against the Defendant on all of his claims and that this Court grant the Plaintiff all available compensatory damages, liquidated damages, pre- and post-judgment interest, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 4th  DAY OF SEPTEMBER, 2015**.

        HAMMONS, GOWENS, HURST & ASSOCIATES

        s/ Mark Hammons
Mark Hammons, OBA #3784
Amber L. Hurst, OBA # 21231
Leah M. Roper, OBA # 32107
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
mark@hammonslaw.com
amberh@hammonslaw.com
leah@hammonslaw.com
Jury Trial Demanded
Attorney Lien Claimed
*Counsel for Plaintiff*